COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPT.
                                                C.A. NO. _____

PAREXEL INTERNATIONAL CORP. and           )
PAREXEL INTERNATIONAL CO., LTD.           )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )   COMPLAINT AND JURY DEMAND
                                          )
SUN FARM CORPORATION,                     )
                                          )
          Defendant.                      )

The instant dispute centers on the Plaintiff's contractual right to be paid for clinical research management and monitoring services that it provided to Defendant. Defendant contracted for, agreed to pay for, accepted, made use of, and has made no complaint about the services Plaintiff provided. Plaintiff now has been seeking payment on outstanding invoices for these services for well over a year. Defendant has simply refused to pay, without giving any reason whatsoever.

## THE PARTIES

1. PAREXEL International Corporation is a company incorporated in Massachusetts, which has its principal place of business at 195 West Street, Waltham, Massachusetts 02154

2. PAREXEL International Co., Ltd., formerly known as PAREXEL APEX International Co., Ltd. (together with PAREXEL International Corporation, "PAREXEL") is an independent, wholly-owned subsidiary of PAREXEL International Corporation,.

3. Defendant Sun Farm Corporation ("Sun Farm") is a Connecticut corporation with

1

its principal place of business located at 75 Woodmont Road, Milford, Connecticut 06460.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to G.L. c. 212, §§ 3 and 4 because the amount in controversy exceeds $25,000.

5. This Court has personal jurisdiction over the Defendant due to the Parties' consent by contract to the jurisdiction of the courts of the Commonwealth of Massachusetts and also by virtue of the Defendant's transaction of business within the Commonwealth.

6. Venue is appropriate in this Court due to the Parties' consent by contract, by virtue of the Defendant's transaction of business within the Commonwealth, and pursuant to Superior Court Administrative Directive 09-1 because PAREXEL alleges breaches of contract in the context of a business relationship.

## FACTS

7. PAREXEL International Corporation is a leading global bio/pharmaceutical services organization, providing a broad range of knowledge-based contract research, medical communications and consulting services to the worldwide pharmaceutical, biotechnology, and medical device industries. Its affiliates have more than 18,000 employees in over 50 countries worldwide.

8. Sun Farm is a company in the business of gathering information about certain herbs and vegetables and manufacturing natural foods.

9. PAREXEL and Sun Farm entered into a Master Services Agreement (the "MSA") dated March 1, 2009, pursuant to which they entered into Work Order No. 1 (the "Work Order"), with an effective date of March 1, 2009.

10. Pursuant to § 2.1 of the MSA, the Work Order "is incorporated and governed by"

the MSA.

11.     Pursuant to the Work Order, PAREXEL provided clinical trial management and monitoring services for a study conducted with protocols entitled "Effects of a Dietary Supplement (SV) on Advanced Non Small Cell Lung Cancer Patients Treated with Standard Chemotherapy: A Randomized Double-Blind Placebo Controlled Studies" and "Effects of a Dietary Supplement (SV) on Advanced Non Small Cell Lung Cancer Patients Treated with Best Supportive Care (BSC): a Randomized Double-Blind Placebo Controlled Studies" for selected vegetables and herbs (the "Study").

12.     Pursuant to the Work Order, Sun Farm agreed that "[p]ayment of invoices will be made by [Sun Farm] within 30 business days (this period of payment is specific in this study) of receipt by [Sun Farm] of the invoices."

13.     PAREXEL performed the services required under the MSA and Work Order.

14.     Sun Farm has not raised any issues or concerns regarding PAREXEL's performance of the services required under the MSA and Work Order.

15.     The following invoices were submitted to Sun Farm, none of which Sun Farm has paid:

| Invoice # | Invoice Date | Invoice Amount | Category |
|---|---|---|---|
| 17401002228 | Dec. 11, 2013 | $251,200.01 | Service Fees |
| 17401002298 | Jan. 28, 2014 | $ 3,624.51 | Pass Through Costs |
| 17401002735 | Oct. 22, 2014 | $ 1,169.90 | Pass Through Costs |
| 17401002266 | Jan. 8, 2014 | $ 4,059.99 | Service Fees |
|  |  | Total: $260,054.41 |  |

16.     PAREXEL has repeatedly contacted Sun Farm regarding payment of the invoices referenced above but has not received any response.

## COUNT ONE
*Breach of Contract*

17.     PAREXEL repeats and incorporates by reference the allegations contained in Paragraphs 1-16 above as if fully set forth herein.

18.     PAREXEL and Sun Farm are parties to the MSA and the Work Order, which is a binding contract between them. PAREXEL has performed its obligations under its contract with Sun Farm.

19.     Sun Farm has breached its obligation under MSA and Work Order to pay PAREXEL for all of the services that PAREXEL performed and the pass through costs.

20.     PAREXEL has been damaged as a result of Sun Farm's breach, which has deprived PAREXEL of $260,054.41 in revenue duly earned under the MSA and Work Order, plus interest thereon.

## COUNT TWO
*Breach of the Implied Covenant of Good Faith and Fair Dealing*

21.     PAREXEL repeats and incorporates by reference the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22.     PAREXEL and Sun Farm are parties to the MSA and Work Order, which is a binding contract between them. PAREXEL has performed its obligations under the MSA. Sun Farm accepted those services without any objection or complaint to PAREXEL.

23.     The contract between the parties contains an implied covenant of good faith and fair dealing.

24.     Sun Farm has breached its obligations pursuant to the MSA and the Work Order

4

to pay PAREXEL for all of the services PAREXEL performed and the pass through costs.

25. Through arbitrary and unreasonable conduct, Sun Farm has prevented PAREXEL from receiving the fruits of the bargain as expressed by the contract between the parties. Sun Farm has completely ignored numerous requests from PAREXEL to pay the outstanding invoices and, apparently, has never had any intention of paying for these services.

26. Sun Farm's breach of the implied covenant of good faith and fair dealing has damaged PAREXEL.

## RELIEF REQUESTED

PAREXEL respectfully requests that this Court enter a Judgment:

(1) Awarding PAREXEL judgment on each and every Count of the Complaint;

(2) Awarding PAREXEL its actual damages, plus any interest that is due;

(3) Awarding PAREXEL such other and further relief as the Court deems just and proper or as PAREXEL may be able to demonstrate it is entitled.

## JURY DEMAND

PAREXEL hereby demands a trial by jury on all Counts of the Complaint so triable.

Respectfully submitted,

PAREXEL INTERNATIONAL CORP. AND
PAREXEL INTERNATIONAL CO. LTD.
By their attorneys,

Kurt S. Kusiak (BBO #559254)
William G. Cosmas, Jr. (BBO #670631)
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
617-542-5542
ksk@sally-fitch.com
wgc@sally-fitch.com

Dated: November 13, 2015

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 15-3469-BLS

PAREXEL INTERNATIONAL CORP. and
PAREXEL INTERNATIONAL CO., LTD
_____, Plaintiff(s)

v.

SUN FARM CORPORATION
_____, Defendant(s)

## SUMMONS

To the above-named Defendant: Sun Farm Corporation

You are hereby summoned and required to serve upon Kurt S. Kusiak, Esq. SALLY & FITCH LLP plaintiff's attorney, whose address is One Beacon Street, 16th Floor, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the 13th day of November, in the year of our Lord two thousand 15.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

*[Left margin: NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.]*

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____
_____
_____

Dated:_____, 201___.                    _____

N.B.  TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                                                    , 201   .

---

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 15-3469-BLS

PAREXEL INTERNATIONAL CORP. and
PAREXEL INTERNATIONAL CO., LTD.
, Plff(s).

v.

SUN FARM CORPORATION,
, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)